IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM ERIC GRAHAM, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 99-858-RGA |
| TAYLOR CAPITAL GROUP INC., et al., | : |
| Defendants. | : |

**MEMORANDUM OPINION**

January 3, 2012
Wilmington, Delaware


ANDREWS, U.S. District Judge:

The Court has before it the Plaintiffs' Motion to Permit the Sale of Class' Insurance Liquidation Claim and Authorize a Further Reimbursement of Case Costs. (D.I. 590).

This is an old case. It was settled in 2001-02. This Court "retain[ed] continuing and exclusive jurisdiction over all matters relating to the Settlement Stipulation, including (i) ... any award or distribution of the Class Settlement Fund ...; [and] (ii) disposition of the Class Settlement Fund." (D.I. 538, pp. 12-13). After the Plaintiffs submitted their motion, the Court has twice asked for further information, which the Lead Plaintiffs have provided. (D.I. 596, 601).

The great bulk of the settlement funds have been obtained and distributed to the Class. One item remains. Part of the settlement agreement was that Reliance Insurance Co. would pay $1.75 million to the Class. Reliance went into liquidation proceedings in Pennsylvania, and through those proceedings, the Class has collected $525,000, or 30% of the amount of the settlement agreement. The liquidation proceedings are on-going. The amounts and timing of further payments to the Class through the liquidation proceedings are uncertain. The Class is seeking approval to sell the remaining portion of its liquidation claims. The Class states that it may be ten years before the liquidation claims are entirely paid out, and there is a market for the remainder of the liquidation claims. The Class proposes to sell the claims and distribute the proceeds to the Class. There would seem to be some value to wrapping up the Class' claims sooner rather than later, and it makes economic sense that the remaining claims have some "fair market value." I can see no reason why the proposal to sell the claims is not a reasonable proposal. It strikes me that any hesitancy in approving such a sale relates to the fact that it might

be difficult to judge the fairness of the sale to the Class. The Class proposes to "solicit bids from all interested purchasers and accept the highest bid received." (D.I. 590, p. 3). I believe that such a procedure would protect the Class' interests. I will authorize the sale, with the condition that counsel obtain a minimum of three independent and bona fide bids, and obtain the consent of the Court by submitting a brief summary showing the fairness of the proposed sale. I would consider the sale after a competitive bidding process to the highest bidder to be a fair sale.

The "Case Costs" are stated to be $9,448.75 since August 2005, and are supported by an Affidavit of Counsel. The costs do not appear to be excessive, and are therefore approved. An appropriate Order will be entered.